**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**CENTURY 21 REAL ESTATE LLC,**

        **Plaintiff,**

-vs-                                                            Case No. 6:08-cv-1890-Orl-28KRS

**PERFECT GULF PROPERTIES, INC.,
PERFECT GULF PROPERTIES I, LLC,
HUDSON MORGAN INVESTMENTS,
INC., T&W MANAGEMENT, INC.,
DOUGLAS MCPHERSON, ROBERT C.E.
WILLIAMS, JIMMY AVIRAM, MICHAEL
WEBER, CLIFFORD R. MORGAN II,
ARTHUR J. HUDSON, PAM WOLTERS,**

        **Defendants.**

## ORDER

This cause came on for consideration without oral argument on the following motion:

> **MOTION:** MOTION FOR ENTRY OF DEFAULT JUDGMENT AGAINST DEFENDANTS PERFECT GULF PROPERTIES, INC., PERFECT GULF PROPERTIES I, LLC, AND DOUGLAS MCPHERSON (Doc. No. 56)
>
> **FILED:** February 6, 2009
>
> **THEREON** it is **ORDERED** that the motion is **DENIED** without prejudice.

> **MOTION:** MOTION AND MEMORANDUM OF LAW FOR LEAVE TO FILE A REPLY TO DEFENDANTS JIMMY AVIRAM, ROBERT C.E. WILLIAMS AND MICHAEL WEBER'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR DEFAULT AS TO DEFENDANTS PERFECT GULF PROPERTIES, INC., PERFECT GULF PROPERTIES, I, LLC AND DOUGLAS MCPHERSON (Doc. No. 50)
>
> **FILED:** February 24, 2009
>
> **THEREON** it is **ORDERED** that the motion is **DENIED**.

## I. INTRODUCTION.

Plaintiff Century 21 Real Estate, LLC, ("Century 21") filed the instant action on November 6, 2008, alleging trademark infringement, false designation of origin/false advertising, trademark dilution, common law unfair competition, multiple counts of breach of contract and guaranty, unjust enrichment, and seeking replevin, an audit, injunctive relief, and money damages. Doc. No. 1. The complaint named as Defendants Perfect Gulf Properties, Inc., ("PGP"), Perfect Gulf Properties I, LLC, ("PGP I"), Hudson Morgan Investments, Inc., ("HMI"), T&W Management, Inc., d/b/a T&W Management, LLC, ("T&W"), Douglas McPherson, Robert C.E. Williams, Jimmy Aviram, Michael Weber, Clifford R. Mogran, II, Arthur J. Hudson, and Pam Wolters. *Id.* at 1.

Century 21 voluntarily dismissed Defendants HMI, Morgan, and Hudson on January 2, 2009, Doc. Nos. 34, 47, and Defendants T&W and Wolters on January 27, 2009. Doc. No. 45. Defendants Aviram, Weber, and Williams answered the complaint. Doc. Nos. 32 (answer), 49 (amended answer). Defendants PGP, PGP I, and McPherson did not timely answer the complaint or otherwise appear in

the case. Accordingly, the Clerk of Court entered defaults against PGP, PGP I, and McPherson on January 22, 2009. Doc. Nos. 41-43.

On February 6, 2009, Century 21 filed the instant motion seeking entry of default judgment against PGP, PGP I, and McPherson. Doc. No. 56. PGP, PGP I, and McPherson did not appear to oppose the motion. However, Defendants Aviram, Weber, and Williams filed an opposition to the motion on the grounds that Century 21 "asserts [claims] against PGP, PGP I and Mr. McPherson . . . for which Defendants [Aviram, Weber, and Williams] are jointly and severally liable," making default judgment premature. Doc. No. 58 at 9. Accordingly, the matter is ripe for adjudication.

## II. ANALYSIS.

In general, a court may enter a default judgment when the factual allegations of the complaint, which are assumed to be true, provide a sufficient legal basis for such entry. *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975) ("The defendant is not held to admit facts that are not well-pleaded or to admit conclusions of law."). Therefore, in considering a motion for default judgment, a court must "examine the sufficiency of the allegations in the complaint to determine whether the plaintiff is entitled to" a default judgment. *Fid. & Deposit Co. v. Williams*, 699 F. Supp. 897, 899 (N.D. Ga. 1988).

This general rule, however, has exceptions. In cases involving more than one defendant, a judgment of liability should not be entered against a defaulting party alleged to be jointly liable, until the matter has been adjudicated with regard to all defendants. *Frow v. De La Vega*, 82 U.S. 552, 554 (1872) ("[A] final decree on the merits against the defaulting defendant alone, pending the continuance of the cause, would be incongruous and illegal."). Moreover, if the plaintiff prevails on liability against the non-defaulting defendants, he is entitled to judgment against both

the defaulting and non-defaulting defendants, but if the non-defaulting party prevails against the plaintiff, in most cases, that judgment will accrue to the benefit of the defaulting defendant, unless that defense is personal to that defendant. *Id.*

In addition, the United States Court of Appeals for the Eleventh Circuit has extended this prohibition against logically inconsistent judgments to other cases beyond those where liability is deemed to be joint. In this circuit, it is "sound policy" that "when defendants are similarly situated, but not jointly liable, judgment should not be entered against a defaulting defendant if the other defendant prevails on the merits." *Gulf Coast Fans v. Midwest Elecs. Imp.*, 740 F.2d 1499, 1512 (11th Cir.1984) (citing WRIGHT & MILLER, FEDERAL PRACTICE AND PROCEDURE, § 2690, 6 MOORE, FEDERAL PRACTICE, ¶ 55.06).

The rationale of *Frow* and *Gulf Coast Fans* applies here. Entering a default judgment against only PGP, PGP I, and McPherson raises the possibility of inconsistent judgments should Aviram, Weber, and Williams successfully defend against Century 21's claims. A renewed motion for default judgment may be filed after the case is resolved against the remaining defendants.

**DONE** and **ORDERED** in Orlando, Florida on February 24, 2009.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE